**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**STEVE E. LACROIX and KELLIE GORDON LACROIX**　　　　　　**PLAINTIFFS**

**V.**　　　　　　　　　　　　　　　　　　　　　　**CAUSE NO.: 3:08CV92-SA-SAA**

**MARSHALL COUNTY, MISSISSIPPI, ET AL.**　　　　　　　　　　**DEFENDANTS**

**ORDER ON MOTION TO CONSOLIDATE**

Plaintiffs filed a Motion to Consolidate Cases [28] on June 30, 2009. After reviewing the motions, responses, rules, and authorities, the Court makes the following findings:

On October 4, 2007, the Plaintiffs filed a civil action in the Northern District of Mississippi numbered 3:07cv119 (LaCroix I). In that action, Plaintiffs challenged the actions of the Marshall County Board of Supervisors, as well as the eleven other defendants listed, as depriving the Plaintiffs of their constitutional rights. In their 186 page complaint, Plaintiffs alleged the following claims, *inter alia*, against those twelve defendants: substantive and procedural due process violations; abuse of process; malicious prosecution; coercion; conspiracy to deprive of civil rights; malice; intentional misrepresentation; obstruction of justice; violation of their First Amendment right to freedom of expression; tortious interference with prospective economic advantage; maladministration; malfeasance, misfeasance, and nonfeasance; perjury; oppression, blackmail, censorship, intrusion upon seclusion; invasion of privacy; false light; malicious mischief; violation of the Fourth Amendment; mail fraud; defamation, libel, and slander per se; false arrest; false imprisonment; equal protection violation; frivolous litigation; cruel and unusual punishment; retaliation; violations of Mississippi law; and sanctions. All of Plaintiffs' allegations arise from an incident in which the Marshall County Board of Supervisors deemed Plaintiffs' property a nuisance and denied issuance of a permit for a building on their property.

On March 18, 2008, the Court dismissed LaCroix I under the doctrine of *res judicata* because the parties were litigating the same issue in the Marshall County Chancery Court. The Plaintiffs filed two motions for reconsideration, the second of which was granted in part by Judge Biggers on March 31, 2009. Accordingly, this cause of action was reopened and is active.

However, on September 2, 2008, Plaintiffs had filed a second complaint in the Northern District of Mississippi based on the same facts as the first complaint (LaCroix II). Plaintiffs admit that they refiled the same lawsuit after the first complaint was dismissed without prejudice in order to preserve their statute of limitations.

Plaintiffs now seek to consolidate these two matters. Defendants have not responded to Plaintiffs' motion. Federal Rule of Civil Procedure 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." When considering whether to consolidate cases under Rule 42(a) of the Federal Rules of Civil Procedure, district courts are to exercise "broad discretion" in determining whether the cases present common questions of law or fact, and whether consolidation would save time and money. See Mills v. Beech Aircraft Corp., 886 F.2d 758, 761-62 (5th Cir. 1989); St. Bernard Gen. Hosp., Inc. v. Hospital Serv. Ass'n of New Orleans, Inc., 712 F.2d 978, 989 (5th Cir. 1983) ("Consolidating actions in a district court is proper when the cases involve common questions of law and fact, and the district judge finds that it would avoid unnecessary costs or delay.").

In LaCroix I and LaCroix II, the parties are identical: the Plaintiffs are the same, as well as the twelve named defendants. Both cases involve the same factual allegations and the same questions of law. However, in LaCroix II, Plaintiffs have alleged an additional cause of action citing facts that developed after the institution of LaCroix I regarding a subsequent lien attached to his property. See Skirvin v Mesta 141 F.2d 668(10th Cir. 1944) (fact that total identity of issues and

parties is not present does not foreclose consolidation so long as substantial identity of parties and issues is present).

After reviewing the complaints and allegations of both lawsuits, both causes of action involve common questions of law and fact. The Court also finds that no unfair prejudice would result to any party. Moreover, consolidation would avoid unnecessary costs and delay as disposition to one of the causes of action would potentially constitute *res judicata* to the other. Therefore, it is within this Court's discretion to consolidate the matters. Accordingly, Plaintiff's Motion to Consolidate is GRANTED.

SO ORDERED, this the 27th day of July, 2009.

/s/ Sharion Aycock
**U.S. DISTRICT JUDGE**